IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA MATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| PHK STAFFING, LLC d/b/a | ) |
| HOLLYWOOD CASINO AT | ) |
| KANSAS SPEEDWAY, | ) |
| Serve Registered Agent: | ) |
| CT Corporation System | ) |
| 112 SW 7th Street, Suite 3C | ) |
| Topeka, Kansas 66603 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Jessica Mata, by and through the undersigned counsel of record, and for her Complaint against Defendant PHK Staffing, LLC d/b/a Hollywood Casino at Kansas Speedway hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* against Defendant for unlawfully discriminating against plaintiff Jessica Mata in the terms and conditions of her employment on the basis of her sex and retaliating against her based upon her protected class status.

## THE PARTIES

2. Plaintiff Jessica Mata ("Plaintiff") resides in the State of Missouri.

3. Defendant PHK Staffing, LLC d/b/a Hollywood Casino at Kansas Speedway ("Defendant") is located in the State of Kansas and responsible for the employment discrimination and retaliation of

Plaintiff. Defendant can be served through its registered agent, CT Corporation System, 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

## JURISDICTION AND VENUE

4. Original federal question jurisdiction over this suit is conferred on this Court by 28 U.S.C §§ 1331 as it is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq.*

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in and around Kansas City, Wyandotte County, Kansas, and where Plaintiff suffered the unlawful employment practices and resultant damages.

6. All conditions precedent to jurisdiction have occurred or been complied with, in that Plaintiff filed her administrative charge in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit A.

7. The EEOC issued a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Notice of Right to Sue is attached as Exhibit B.

## GENERAL ALLEGATIONS

8. Plaintiff began working for Defendant on January 30, 2024 as a Table Games Dealer.

9. Defendant is a casino located in Kansas City, Kansas at the Kansas Speedway.

10. Throughout Plaintiff's tenure in this position, she was qualified for the position and performed her job duties more than satisfactorily.

11. Prior to working with Defendant, Plaintiff worked at another casino for four years and had good games dealing experience.

12. During her employment with Defendant, Plaintiff received lots of encouragement and accolades from her co-workers and leads, who submitted over 25 "recognitions" of Plaintiff via Defendant's acknowledgement program.

13. Plaintiff was encouraged to sign up for the poker class to learn how to become a Poker Dealer.

14. Poker class was held from October 7, 2024 to November 4, 2024 with seven full-time students of two women, including Plaintiff, and five men.

15. Plaintiff did not miss any classes, worked hard and was constantly praised about how well she was doing throughout the course.

16. Plaintiff managed to be one of the best students in the class per the Poker Instructor, Veteran Poker Dealers and Poker Players.

17. Plaintiff scored a 96% on the final test in the poker class, which was the best score out of all her classmates.

18. However, once the class ended, the poker class was told that Defendant had only six spots open for Poker Dealers and all of those spots were offered to the men in the poker class.

19. The sixth position was offered to Plaintiff's boyfriend Charles Lacy, who had not dealt poker in six years and only attended half the classes as an "adjunct" student.

20. Plaintiff's male classmates, all now Poker Dealers, expressed to her that they did not understand why she did not get a spot as a Poker Dealer.

21. Plaintiff's male classmates, all now Poker Dealers, said it seemed unfair, especially after Plaintiff was the one who helped them or corrected their mistakes multiple times in the poker class.

22. Plaintiff and her boyfriend, Charles Lacy, spoke to Defendant's male Poker Manager, Brian Padilla.

23. Plaintiff's boyfriend, Charles Lacy, declined the job offer as a Poker Dealer because he felt it was unfair and Plaintiff should have his spot.

24. Defendant's Poker Manager, Mr. Padilla did not give Plaintiff the Poker Dealer spot reserved for Mr. Lacy.

25. Mr. Padilla then told Plaintiff's Supervisor that her complaint of discrimination had been intimidating and Plaintiff should apologize to him, which Plaintiff found to be misogynistic.

26. Plaintiff sent Mr. Padilla an email expressing that intimidation was not her intent by making her complaint of discrimination.

27. Plaintiff spoke to some of her co-workers about her situation at work involving the poker class and not being selected as a Poker Dealer and they confirmed that this had previously happened to other women at Defendant's casino.

28. On November 13, 2024, Plaintiff emailed Ms. Bethany Viles in Defendant's Human Resources to see if Ms. Viles could explain why Plaintiff was not offered a Poker Dealer job.

29. Ms. Viles claimed Plaintiff did not meet the criteria of someone with good customer service, good technical skills and teamwork.

30. Plaintiff had received multiple recognitions for being exceptional at all three of these areas so she did not understand how she could not have met Ms. Viles' criteria.

31. Plaintiff reached out to Mr. Padilla again on November 16, 2024 to ask him to reconsider her for the Poker Dealer position to which he coldly replied on November 20, 2024 to reapply next time.

32. Plaintiff reapplied for the Poker Dealer position when it came up and was turned down by Defendant again.

33. Plaintiff was harassed and discriminated against based on her sex.

34. After reporting the discrimination, Plaintiff was retaliated against and financially damaged.

35. Throughout Plaintiff's tenure, she was qualified for the Poker Dealer position and could perform those job duties more than satisfactorily.

36. At all times relevant herein, Mr. Padilla was acting as an agent, servant, and employee of Defendant.

37. At all times relevant herein, Ms. Viles was acting as an agent, servant, and employee of Defendant.

38. At all times relevant herein, the above-named individuals were agents, servants and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or perpetrators under all theories pled herein.

**COUNT I:**
**Sex Discrimination-Title VII**
**Against Defendant**

39. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

40. Defendant discriminated against Plaintiff in the terms and conditions of her employment.

41. Defendant's conduct constitutes intentional discrimination on the basis of sex, with malice and disregard of Plaintiff's rights.

42. Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on sex.

43. Defendant's agents perpetuated the discrimination of Plaintiff based on Plaintiff's sex by denying her a position as a Poker Dealer at Defendant's casino.

44. Defendant further perpetuated the discrimination of Plaintiff telling Plaintiff's Supervisor that her complaint of discrimination was made to intimidate Mr. Padilla, telling Plaintiff she was not qualified for the position of Poker Dealer when she clearly was and harming her financially.

45. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's sex, but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

46. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career

damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

47. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

48. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II:
## Retaliation – Title VII
## Against Defendant

49. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

50. Plaintiff engaged in protected activity by reporting and opposing conduct made unlawful by Title VII as described above, including making her complaints to Mr. Padilla, Defendant's Poker Manager, and Ms. Viles in Defendant's Human Resources about this discrimination.

51. Plaintiff was further retaliated against after making her complaints by reapplying for the position of Poker Dealer and being turned down again as well as being financially damaged.

52. Plaintiff suffered adverse employment action in that she was ultimately constructively discharged from employment.

53. Management level employees perpetuated the discrimination based on Plaintiff's sex.

54. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's sex but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

55. As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

56. In retaliation for Plaintiff's protected activities, Defendant constructively discharged Plaintiff.

57. There is a causal connection between Plaintiff's exercise of protected activity and her constructive discharge.

58. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

59. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

60. Plaintiff is entitled to recover all of her costs, expenses, and attorneys' fees incurred in this matter as well as other appropriate, including equitable relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

Respectfully submitted,

**LAUREN ALLEN, LLC**

By: /s/ *Lauren Perkins Allen*
Lauren Perkins Allen         #20116
4717 Grand Avenue, Suite 130
Kansas City, Missouri 64112
Telephone: 816.877.8120
Facsimile: 816.817.1120
Email: lpa@laurenallenllc.com

**ATTORNEY FOR PLAINTIFF**

Plaintiff designates the place of trial as Kansas City, Kansas