IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA MATA, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| PHK STAFFING, LLC d/b/a HOLLYWOOD CASINO AT KANSAS SPEEDWAY, | ) Case No. 2:25-cv-02649-DDC-ADM ) ) ) |
|     Defendant. | ) ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Kansas Entertainment, LLC d/b/a Hollywood Casino at Kansas Speedway ("Defendant"), incorrectly named as PHK Staffing, LLC d/b/a Hollywood Casino at Kansas Speedway, hereby answers or otherwise responds to Plaintiff's Complaint (Doc. 1) as follows:

### NATURE OF THE ACTION

1. This is an action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. against Defendant for the unlawfully discriminating against plaintiff Jessica Mata in the terms and conditions of her employment on the basis of her sex and retaliating against her based upon her protected class status.

**ANSWER: In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq but denies violating Title VII or that Plaintiff is entitled to any relief whatsoever.**

### THE PARTIES

2. Plaintiff Jessica Mata ("Plaintiff") resides in the State of Missouri.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies same.**

3. Defendant PHK Staffing, LLC d/b/a Hollywood Casino at Kansas Speedway ("Defendant") is located in the State of Kansas and responsible for the employment discrimination and retaliation of Plaintiff. Defendant can be served through its registered agent, CT Corporation System, 112 SW 7th Street, Suite C, Topeka, Kansas 66603.

**ANSWER: Defendant Kansas Entertainment, LLC d/b/a Hollywood Casino at Kansas Speedway admits it operates a business at its Kansas Speedway location and can be served through its registered agent. Defendant denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

4. Original federal question jurisdiction over this suit is conferred on this Court by 28 U.S.C. §§ 1331 as it is brough under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e et seq.

**ANSWER: Defendant admits subject matter jurisdiction is proper but denies that it engaged in any unlawful conduct that would give rise to a legal claim.**

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in and around Kansas City, Wyandotte County, Kansas, and where Plaintiff suffered the unlawful employment practices and resultant damages.

**ANSWER: Defendant admits venue is proper. Defendant denies all remaining allegations in Paragraph 5 of Plaintiff's Complaint.**

6. All conditions precedent to jurisdiction have occurred or been complied with, in that Plaintiff filed her administrative charge in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit A.

**ANSWER: Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.**

7. The EEOC issued a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Notice of Right to Sue is attached as Exhibit B.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies same.**

## GENERAL ALLEGATIONS

8. Plaintiff began working for Defendant on January 30, 2024 as a Table Games Dealer.

**ANSWER: Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.**

9. Defense is a casino located in Kansas City, Kansas at the Kansas Speedway.

**ANSWER: Defendant admits it operates a casino at its Kansas Speedway location. Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.**

10. Throughout Plaintiff's tenure in this position, she was qualified for the position and performed her job duties more than satisfactorily.

**ANSWER: Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.**

11. Prior to working with Defendant, Plaintiff worked at another casino for four years and had good games dealing experience.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies same.**

12. During her employment with Defendant, Plaintiff received lots of encouragement and accolades from her co-workers and leads, who submitted over 25 "recognitions" of Plaintiff via Defendant's acknowledgment program.

**ANSWER: Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.**

13. Plaintiff was encouraged to sign up for the poker class to learn how to become a Poker Dealer.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies same.**

14. Poker class was held from October 7, 2024 to November 4, 2024 with seven full-time students of two women, including Plaintiff, and five men.

**ANSWER: Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.**

15. Plaintiff did not miss any classes, worked hard and was constantly praised about how well she was doing throughout the course.

**ANSWER: Defendant denies the allegations in Paragraph 15 of Plaintiff' Complaint.**

16. Plaintiff managed to be one of the best students in the class per the Poker Instructor, Veteran Poker Dealers and Poker Players.

**ANSWER: Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint**

17. Plaintiff scored a 96% on the final test in the poker class, which was the best score out of all her classmates.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies same.**

18. However, once the class ended, the poker class was told that Defendant only six spots open for Poker Dealers and all of these spots were offered to the men in the poker class.

**ANSWER: Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.**

19. The sixth position was offered to Plaintiff's boyfriend Charles Lacy, who had not dealt poker in six years and only attended half the classes as an "adjunct" student.

**ANSWER: Defendant admits it offered Charles Lacy a Poker Dealer/Dual Rate Supervisor position but denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.**

20. Plaintiff's male classmates, all now Poker Dealers, expressed to her that they did not understand why she did not get a spot as a Poker Dealer.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies same.**

21. Plaintiff's male classmates, all now Poker Dealers, said it seemed unfair, especially after Plaintiff was the one who helped them or corrected their mistakes multiple times in the poker class.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies same.**

22. Plaintiff and her boyfriend, Charles Lacy, spoke to Defendant's male Poker Manager, Brian Padilla.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies same.**

23. Plaintiff's boyfriend, Charles Lacy, declined the job offer as a Poker Dealer because he felt it was unfair and Plaintiff should have his spot.

**ANSWER: Defendant admits that Charles Lacy declined the job offer after initially accepting it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies same.**

24. Defendant's Poker Manager, Mr. Padilla did not give Plaintiff the Poker Dealer spot reserved for Mr. Lacy.

**ANSWER: Defendant admits it did not offer a Poker Dealer/Dual Rate Supervisor position to Plaintiff. Defendant denies the remaining allegations in Paragraph 24 of Plaintiff's Complaint.**

25. Mr. Padilla then told Plaintiff's Supervisor that her complaint of discrimination had been intimidating and Plaintiff should apologize to him, which Plaintiff found to be misogynistic.

**ANSWER: Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.**

26. Plaintiff sent Mr. Padilla an email expressing that intimidation was not her intent by making her complaint of discrimination.

**ANSWER: Defendant states that such email, if it exists, speaks for itself and Defendant therefore denies the allegations in Paragraph 26 of Plaintiff's Complaint.**

27. Plaintiff spoke to some of her co-workers about her situation at work involving the poker class and not being selected as a Poker Dealer and they confirmed that this had previously happened to other women at Defendant's casino.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies same.**

28. On November 13, 2024, Plaintiff emailed Ms. Bethany Viles in Defendant's Human Resources to see if Ms. Viles could explain why Plaintiff was not offered a Poker Dealer job.

**ANSWER: Defendant states that such email, if it exists, speaks for itself and Defendant therefore denies the allegations in Paragraph 28 of Plaintiff's Complaint.**

29. Ms. Viles claimed Plaintiff did not met the criteria of someone with good customer service, good technical skills and teamwork.

**ANSWER: Defendant states that such email, if it exists, speaks for itself and Defendant therefore denies the allegations in Paragraph 29 of Plaintiff's Complaint.**

30. Plaintiff had received multiple recognitions for being exceptional at all three of these areas so she did not understand how she could not have met Ms. Viles' criteria.

**ANSWER: Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.**

31. Plaintiff reached out to Mr. Padilla again on November 16, 2024 to ask him to reconsider her for the Poker Dealer position to which he coldly replied on November 20, 2024 to reapply next time.

**ANSWER: Defendant states that such email, if it exists, speaks for itself and Defendant therefore denies the allegations in Paragraph 31 of Plaintiff's Complaint.**

32. Plaintiff reapplied for the Poker Dealer position when it came up and was turned down by Defendant again.

**ANSWER: Defendant admits in November 2024 Plaintiff again applied for a Poker Dealer/Dual Rate Supervisor position that she was unqualified for. Defendant denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint.**

33. Plaintiff was harassed and discriminated against based on her sex.

**ANSWER: Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.**

34. After reporting the discrimination, Plaintiff was retaliated against and financially damaged.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Throughout Plaintiff's tenue [sic], she was qualified for the Poker Dealer position and could perform those job duties more than satisfactorily.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. At all times relevant herein, Mr. Padilla was acting as an agent, servant, and employee of Defendant.

**ANSWER: The allegations in Paragraph 36 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.**

37. At all times relevant herein, Ms. Viles was acting as an agent, servant, and employee of Defendant.

**ANSWER: The allegations in Paragraph 37 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.**

38. At all times relevant, herein, the above-named individuals were agents, servants and employees of Defendant and were at all times acting within the scope and course of their agency and employment, for their actions were expressly authorized and ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or perpetrators under all theories pled herein.

**ANSWER:** The allegations in Paragraph 38 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

**COUNT I:**
**Sex Discrimination – Title VII**
**Against Defendant**

39. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER: Defendant incorporates its responses to Paragraphs 1 through 38 of Plaintiff's Complaint as if fully set forth herein.**

40. Defendant discriminated against Plaintiff in the terms and conditions of her employment.

**ANSWER: Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.**

41. Defendant's conduct constitutes intentional discrimination on the basis of sex, with malice and disregard of Plaintiff's rights.

**ANSWER: Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.**

42. Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on sex.

**ANSWER: Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.**

43. Defendant's agents perpetuated the discrimination of Plaintiff based on Plaintiff's sex by denying per a position as a Poker Dealer at Defendant's casino.

**ANSWER:** **Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.**

44. Defendant further perpetuated the discrimination of Plaintiff telling Plaintiff's Supervisor that her complaint of discrimination was made to intimidate Mr. Padilla, telling Plaintiff she was not qualified for the position of Poker Dealer when she clearly was and harming financially.

**ANSWER:** **Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.**

45. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's sex, but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

**ANSWER:** **Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.**

46. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

**ANSWER:** **Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.**

47. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protective rights, entitling Plaintiff to an award of punitive damages.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

**WHEREFORE,** Defendant requests the Court dismiss Plaintiff's Complaint; enter judgment in Defendant's favor' award Defendant its attorneys' fees and costs; and for any further relief the Court deems just and proper.

<u>**COUNT II:**</u>
<u>**Retaliation – Title VII**</u>
<u>**Against Defendant**</u>

49. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER: Defendant incorporates its responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if fully set forth herein.**

50. Plaintiff engaged in protective activity by reporting and opposing conduct made unlawful by Title VII as described above, including making her complaints to Mr. Padilla, Defendant's Poker Manager, and Ms. Viles in Defendant's Human Resources about this discrimination.

**ANSWER: The allegations in Paragraph 50 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.**

51. Plaintiff was further retaliated against after making her complaints by reapplying for the position of Poker Dealer and being turned down again as well as being financially damaged.

**ANSWER:** Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52. Plaintiff suffered adverse employment action in that she was ultimately constructively discharged from employment.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Management level employees perpetuated the discrimination based on Plaintiff's sex.

**ANSWER:** Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's sex but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55. As a result of and in retaliation for engaging in the protective activities described above, Plaintiff was subjected to adverse employment actions.

**ANSWER:** Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56. In retaliation for Plaintiff's protective activities, Defendant constructively discharged Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     There is a causal connection between Plaintiff's exercise of protected activity and her constructive discharge.

**ANSWER:     Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.**

58.     As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

**ANSWER:     Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.**

59.     The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

**ANSWER:     Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.**

60.     Plaintiff is entitled to recover all of her costs, expenses, and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

**ANSWER:     Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.**

**WHEREFORE, Defendant requests the Court dismiss Plaintiff's Complaint; enter judgment in Defendant's favor' award Defendant its attorneys' fees and costs; and for any further relief the Court deems just and proper.**

**Defendant denies all allegations not expressly admitted herein.**

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

**Without assuming any burden of proof that by law is not otherwise Defendant's, Defendant asserts the following additional defenses:**

**1.     Some or all Counts of Plaintiff's Complaint fail to state a claim or cause of action for which relief may be granted.**

**2.     The Court lacks subject matter jurisdiction over Plaintiff's claims to the extent that Plaintiff's Complaint, and the allegations therein, exceed the scope of Plaintiff's Charge of Discrimination and includes claims not asserted in said Charge of Discrimination. Specifically, Plaintiff's claims of retaliation and constructive discharge.**

**3.     Some or all Counts of Plaintiff's Complaint are barred because Defendant's actions were made in good faith and with reasonable grounds to believe its conduct was in full compliance with the relevant laws.**

**4.     Some or all Counts of Plaintiff's Complaint are barred because Plaintiff's sex was the not motivating factor in any employment decisions.**

**5.     Some of all Counts of Plaintiff's Complaint are barred because Plaintiff did not engage in protected activity within the meaning of Title VII.**

**6.     Some or all Counts of Plaintiff's Complaint are barred because Defendant's actions were based on legitimate, non-discriminatory and non-retaliatory business purposes unrelated to any protected status.**

**7.     Some or all Counts of Plaintiff's Complaint are barred because the alleged actions of Defendant, which are denied, were not intentional, malicious, willful or reckless.**

**8.     Defendant's actions were justified and, at all relevant times, Defendant acted consistent with the law.**

9.     Defendant denies that it or any of its employees or agents, acting within the course and scope of their employment and agency, violated any statute, regulation, constitutional provisions, common law or public policy, or caused any damage or injury to Plaintiff.

10.     If any improper, unlawful, or discriminatory act was taken by any employee of Defendant against Plaintiff, which Defendant denies, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

11.     Defendant, at all relevant times, had in place clear, effective, and well-disseminated policies against discrimination, and reasonable and available procedures for handling complaints thereof, which provide for prompt and effective responsive action. Plaintiff's claims are barred to the extent (a) Defendant took reasonable steps to prevent and correct workplace discrimination; (b) Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided; and (c) reasonable use of the procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

12.     Defendant has established policies and procedures to report, prevent, and correct workplace discrimination, and those policies and procedures are communicated to all management and supervisory personnel, including with respect to their duties to abide by, administer, and support such policies, in a good faith effort to comply with the law. To the extent that any management or supervisory personnel acted contrary to such policies, procedures, and training, Defendant may not be held liable for punitive damages, as set forth in *Kolstad v. American Dental Assn.*, 527 U.S. 526 (1999).

13. **Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff is not entitled to relief for failure to mitigate damages.**

14. **Any damages claimed by Plaintiff must be reduced to the extent she has in fact earned amounts in mitigation of her alleged damages.**

15. **Some or all of the alleged damages suffered by Plaintiff are the result of Plaintiff's own actions and not a result of any actions of Defendant.**

16. **Plaintiff's claims for punitive damages in some or all Counts of her Complaint against Defendant are barred to the extent the request seeks damages in violation of the due process, equal protection, and cruel and unusual punishment provisions of the United States Constitution as well as the applicable Kansas state equivalents.**

17. **Some or all Counts of Plaintiff's Complaint, which Defendant denies, are too speculative to permit recovery and are not of the nature or extent alleged in the Complaint.**

18. **Defendant denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute or caused any damage or injury to Plaintiff.**

19. **Plaintiff's claims are otherwise barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.**

20. **Plaintiff was an at-will employee of Defendant and Defendant did not make any communications which would result in an expectation of continued employment or that Defendant could have reasonably relied upon.**

21. **Plaintiff voluntarily resigned her employment with Defendant.**

**22.** **Defendant reserves the right to amend its Answer to add defenses which may become known during the course of this action, including the defense of after-acquired evidence.**

Respectfully submitted,

*/s/ Kelsey R. Popp*
Jacqueline M. Duvall, D. Kan. # 78799
Kelsey R. Popp, D. Kan. #79238
**OGLETREE DEAKINS NASH SMOAK & STEWART PC**
700 W. 47th Street, Suite 500
Kansas City, MO 64112
Phone:  816.471.1301
Facsimile:  816.471.1303
Email:  jacquline.duvall@ogletree.com
Email: kelsey.popp@ogletree.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2025, I caused the above and foregoing to be filed using the Court's CM/ECF system, which will provide electronic notification to the following counsel for Plaintiff:

Lauren Perkins Allen   #20116
LAUREN ALLEN, LLC
4717 Grand Avenue, Suite 130
Kansas City, MO 64112
Phone:  816.877.81210
Facsimile:  816.817.1120
Email:  lpa@laurenallenllc.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Kelsey R. Popp*
Kelsey R. Popp
**ATTORNEY FOR DEFENDANT**